**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**READING DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHANE PATRICK ASSOCIATES, INC. | ) | CASE NUMBER: 18-16941-PMM |
| | ) | |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| | ) | |
| MICHAEL H. KALINER, TRUSTEE, | ) | JUDGE: PATRICIA M. MAYER |
| | ) | |
| | ) | ADVERSARY PROCEEDING NO.: |
| Plaintiff, | ) | 20-00237 |
| v. | ) | |
| | ) | |
| DURHAM SPRINGS HOLDING, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER APPROVING THE SETTLEMENT AGREEMENT, RELEASE OF LIEN AND MUTUAL RELEASE BY AND AMONG THE CHAPTER 7 TRUSTEE, DURHAM SPRINGS HOLDING, LLC AND CENTRIC BANK</u>

Upon consideration of that certain Motion of Chapter 7 Trustee for Order Approving Settlement Agreement, Release of Lien and Mutual Release by and among the Chapter 7 Trustee, Durham Springs Holding LLC and Centric Bank (the "<u>Motion</u>") filed by Michael H. Kaliner (the "<u>Trustee</u>"), the chapter 7 trustee for the estate of Shane Patrick Associates, LLC, for entry of an order approving the Settlement Agreement and Mutual Release (the "<u>Settlement Agreement</u>") by and among the Trustee, Durham Springs Holding, LLC ("<u>Defendant</u>") and Centric Bank ("<u>Intervenor</u>") (Defendant, Intervenor and the Trustee are sometimes herein collectively referred to as the "<u>Parties</u>"), pursuant to <u>Fed. R. Bankr. P. 9019</u>; and the Court having considered the Motion and determined that (i) it has jurisdiction over the matters raised in the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; (iv) proper and adequate notice of the Motion and the relief requested therein has been given and no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause appearing therefore,

**THE COURT FINDS AND CONCLUDES**, based on the information set forth in the Motion[1] and the Settlement Agreement:

A.      The Court has jurisdiction over these cases pursuant to 28 U.S.C. § 1334(b).

B.      Due and adequate notice of the Motion has been given to all parties entitled thereto, and no other further notice is necessary or required.

C.      A reasonable opportunity to object or to be heard regarding the relief requested inthe Motion has been afforded to all interested persons and entities.

D.      The terms in the Settlement Agreement are the result of good faith, arms-length negotiations between the Parties and were not achieved by collusion.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

1.      The Motion is GRANTED as set forth herein.

2.      The Settlement Agreement by and among the Trustee, Defendant and Intervenor, attached hereto as **Exhibit "A"** and incorporated by reference herein, settling any and all disputes between the Parties as the Claims, the Complaint, the Adversary Proceeding, the Defenses and Intervenor's Claims , is hereby approved pursuant to Fed. R. Bankr. P. 9019.

3.      Defendant shall pay, or cause to be paid, to the Trustee the sum of $4,000.00 (the

---

[1] All capitalized terms not otherwise defined herein shall be ascribed the meaning in the Motion.

2

"Settlement Payment"). The Settlement Payment shall be paid from the proceeds resulting from the sale of 5065 Lehnenberg Road, Kintnersville, PA 18930 (the "Sale"), to close as soon as possible but prior to September 15, 2021. The Settlement Payment shall be made by check made payable to the Trustee directly from the proceeds of the Sale and delivered subject to the instructions provided by the Trustee within ten (10) days of the closing of the Sale.

4.      The Trustee shall execute and deliver to Counsel for Intervenor that certain Trustee Release and Satisfaction of Mechanics Lien ("Release"), whereby releasing that certain Mechanic's Lien Claim between Shane Patrick Associates v. Durham Springs Holding LLC, filed September 10, 2018 in Case Number 2018-80113, in the amount of $265,283.90.

5.      Notwithstanding  Fed. R. Bankr. P. 6004 and 4001(a)(3), this Order  shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

6.      The Court shall retain jurisdiction over any matter arising from, and/or related to, this Order or the relief granted herein.

**DATED** on this  12th  day of  October  , 2021.

*Patricia M. Mayer*

_____
THE HONORABLE PATRICIA M. MAYER
UNITED STATES BANKRUPTCY JUDGE